UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA

   -against-

JOSE ESCOBAR OREJUELA,

         Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CR-515 (FB)

*Appearances:*

*For the United States:*
MATTHEW SKURNIK
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

*For the Defendant:*
JOSE ESCOBAR OREJUELA, *pro se*
FCI Edgefield
Post Office Box 725
Edgefield, South Carolina 29824

**BLOCK, Senior District Judge:**

Proceeding *pro se*, José Escobar Orejuela seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. For the following reasons, his request is denied.

**I**

Escobar has an extensive record of drug trafficking. A Colombian national, he has been deported several times and illegally reentered the country to continue his life of crime. In 1996, he pleaded guilty to leading a large-scale cocaine importation operation and was sentenced to 30 years' imprisonment. He then established another cocaine trafficking scheme *while in federal prison*. He again pleaded guilty and was sentenced in 2008 to another 30 years, to run concurrently

with the undischarged portion of his first sentence.

Escobar is now 84 years old and scheduled to be released in 2033. He first sought compassionate release in 2021; the Court denied the request, finding "that there are no extraordinary or compelling reasons that permit Defendant Jose Escobar-Orejuelas release at this time" and, alternatively, that "the Section 3553(a) factors do not support releasing a defendant who participated in a cocaine trafficking operation while in prison." He has now filed a second motion.

## II

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quoting, with alterations, 18 U.S.C. § 3582(c)(1)(A)(i)). "Even if 'extraordinary and compelling' circumstances exist, however, the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).[1]

"[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring

---

[1] The defendant must also first exhaust his or her administrative remedies by applying to the warden of the relevant facility. It is undisputed that Escobar has done so.

before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 237-38 (quoting, with emphasis, 28 U.S.C. § 994(t)).

Escobar offers several reasons that he claims warrant compassionate release, such as his age, health, susceptibility to COVID, and efforts at rehabilitation. These issues were all raised in his first motion, which the Court denied. Nothing about his circumstances has changed to the point of leading the Court to reconsider its initial determination.

Escobar, who was sentenced as a career offender, further argues that subsequent decisions holding that conspiracies do not qualify for career offender status, *see, e.g.*, *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), mean that he would receive a lower sentence if sentenced today. In contrast to other circuits, however, the Second Circuit has squarely held that inchoate offenses fall within the Sentencing Guidelines's definition of career offender. *See United States v. Richardson*, 958 F.3d 151, 154 (2d Cir. 2020) (citing *United States v. Tabb*, 949 F.3d 81 (2d Cir. 2020)). And a 2023 amendment to the Guidelines confirms that "[t]he terms 'crimes of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to

3

commit any such offense." U.S.S.G. § 4B1.2(d).

Similarly, Escobar would derive no benefit from a Guidelines amendment decreasing the offense level for drug crimes. His offense level would arguably go from 39 to 37, but his criminal history category would remain VI, resulting in the same recommended Guidelines range of 360 months to life.

Escobar further contends that the Bureau of Prisons ("BOP") has not given him the "earned time credit" to which he is entitled because he is subject to an immigration detainer. In addition to drastically increasing the availability of compassionate release, the First Step Act makes most federal prisoners eligible for credits against their sentence based on participation in recidivism reduction programs or other productive activities. *See* 18 U.S.C. § 3632(d)(4). Those credits can then be applied towards early supervised release or transfer to home or community-based confinement. *See id.* § 3632(d)(4)(C). Although the BOP initially adopted a policy of denying earned time credit to prisoners with detainers, it abandoned that policy in March 2023. *See* Program Statement 5410.01 CN-2 (BOP Mar. 10, 2023), *available at* https://www.bop.gov/resources/policy_and_forms.jsp (last accessed Apr. 12, 2024).

Attached to Escobar's motion is an "FSA Time Credit Assessment" performed by the BOP on September 5, 2023. *See* Mot. for Compassionate Release, Ex. D. The assessment notes that Escobar has accrued 365 days towards

4

early supervised release and 445 days towards early home/community confinement. The credit cannot be applied until it is "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment," 18 U.S.C. § 3624(g)(1)(A), but once it is, it will reduce Escobar's incarceration by more than a year (and even more if he continues to accrue more credit). Confusingly, however, the assessment states, "Cannot apply [the credit] Detainer: Yes." Mot. for Compassionate Release, Ex. D. The meaning of this cryptic statement is not clear from the record.

Although the Court concludes that an error in the calculation of earned time credit does not warrant the drastic remedy of immediate release or sentence reduction, it raises cause for concern, which, as detailed below, the Court will take steps to address.

Finally, even if the Court were to find extraordinary and compelling circumstances, it would not, in its discretion, reduce Escobar's sentence. As it stated in denying Escobar's first motion, "the Section 3553(a) factors do not support releasing a defendant who participated in a cocaine trafficking operation while in prison."

### III

For the foregoing reasons, Escobar's second motion for compassionate release is denied. However, the Court orders the Assistant United States Attorney

5

assigned to this case to transmit a copy of this Memorandum and Order to the Director of BOP. BOP shall, within thirty days, either confirm by letter that Escobar's earned time credit will be applied despite his detainer, or explain why that is not the case. The BOP's response should be filed with the Court and served on Escobar at the address listed above.

    **SO ORDERED.**

                                                         _/S/ Frederic Block_
                                                         FREDERIC BLOCK
                                                         Senior United States District Judge

Brooklyn, New York
April 17 2024